﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/19 Archive Date: 02/27/19

DOCKET NO. 181107-956
DATE: February 27, 2019

ORDER

Service connection for glioblastoma multiforme is granted.

FINDING OF FACT

1. The Veteran had active service in Vietnam, and is presumed to have been exposed to herbicides agents. 

2. The competent and probative evidence of record is at least in equipoise that the Veteran’s current glioblastoma multiforme is related to herbicide agent exposure during active service. 

CONCLUSION OF LAW

The criteria for service connection for glioblastoma multiforme are met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from June 1963 to September 1967, including service in the Republic of Vietnam. The Veteran received the Purple Heart.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. 

The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110, 1131; 38 C.F.R. § 3.303. In order to establish entitlement to service connection, there must be 1) evidence of a current disability; 2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and 

3) causal connection between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Veterans who, during active service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed to an herbicide agent, unless there is affirmative evidence of non-exposure. 38 U.S.C. § 1116; 38 C.F.R. § 3.307. 

Service incurrence for certain diseases will be presumed on the basis of association with certain herbicide agents (e.g., Agent Orange). 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307(a)(6), 3.309(e). Such presumption, however, requires evidence of actual or presumed exposure to herbicides. Id. 

Notwithstanding the foregoing presumption provisions, a claimant is not precluded from establishing service connection with proof of direct causation. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (holding that the availability of presumptive service connection from some conditions based on exposure to Agent Orange does not preclude direct service connection for other conditions based on exposure to Agent Orange); Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994). The rationale employed in Combee also applies to claims based on exposure to Agent Orange. Brock v. Brown, 10 Vet. App. 155, 160 (1997). Thus, presumption is not the sole method for showing causation. 

The Veteran is competent to report symptoms and experiences observable by his senses. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a). VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed Cir. 2009).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990).

Entitlement to service connection for glioblastoma multiforme.

The Veteran asserts that his glioblastoma multiforme was caused by exposure to herbicides agents while in active service in Vietnam. 

The questions in this case are whether the Veteran has a current diagnosis of glioblastoma multiforme, and whether a causal relationship or nexus exists between the Veteran’s diagnosis and his active service.

The Veteran has a current diagnosis of glioblastoma multiforme, to include as noted in an August 2018 VA treatment report. As such, the first element of service connection is met. 

The Veteran had active service in Vietnam to include in 1965. His military occupational specialty (MOS) was as a medical specialist while in Vietnam. Consequently, the Board finds that the Veteran is presumed to have been exposed to herbicides agents during his active service. 

The Veteran provided a VA medical opinion in January 2018. The physician noted that the Veteran’s glioblastoma appeared to be at least as likely as not caused by or the result of exposure to Agent Orange. The rationale was that there are significant numbers of Veterans with glioblastoma; the physician’s rehabilitation service treats many Veterans with glioblastoma; and that there is increasing evidence linking brain tumors to herbicides and Agent Orange. Additionally, she stated animal studies show an association with glioblastoma and herbicide exposure, and cited a medical article. The physician worked in the traumatic brain injury and polytrauma section and noted that the Veteran was followed by the team at that 

VA for the brain tumor status post resection and radiation therapy.

The Board finds this opinion to have probative value. The physician supported her conclusions with rationale, studies, and articles. Although the studies were based on animals, the Board finds the opinion to have probative value. 

A VA medical opinion in April 2018 from a physician in occupation medicine also found that it was at least as likely as not that the Veteran’s glioblastoma was caused by herbicides exposure while in service. The rationale was that there appears to be good medical support. 

The Board finds this opinion to have less probative value. The examiner appears to be relying largely on the medical opinion from January 2018 to support his medical opinion. 

The most recent VA examination is from July 2018. The examiner determined that it was less likely than not that the Veteran’s glioblastoma was related to herbicides exposure in service. The rationale was that per medical literature, the only established risk factors for glioblastoma are exposure to ionizing radiation and a family history. It was also noted that there are instances of occupational exposures associated with the risk of brain tumors, but there are inconsistencies.

The Board finds this opinion to have equal probative value when compared to the January 2018 opinion. Indeed, the opinion was supported by appropriate medical studies and rationale. 

After review of the competent and probative evidence, the Board finds that service connection for glioblastoma is warranted. The evidence is at least in equipoise. There are both positive and negative etiological opinions. As each opinion has strengths and weakness, the Board finds that they balance out. 38 C.F.R. § 3.102; see Wise v. Shinseki, 26 Vet. App. 517, 531 (2014) (noting that the benefit of the doubt rule is a unique standard of proof, and “the nation, ‘in recognition of our debt to our veterans,’ has ‘taken upon itself the risk of error’ in awarding such benefits”). As such, the Board finds that based on the evidence of record before it in this appeal is at least in equipoise that the Veteran’s current glioblastoma is related to service and herbicides exposure.

(Continued on the next page)

 

In short, when resolving reasonable doubt in favor of the Veteran on this material issue under the facts and circumstances of this appeal, the competent and probative evidence is at least in equipoise that that the Veteran’s glioblastoma multiforme is related to his presumed exposure to herbicide agents during his active military service. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. The appeal is granted.

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD G. Morales, Associate Counsel